**Zoltan GOLDENBERG et al., Plaintiffs,**
v.
**KIRSTEIN LEATHER COMPANY,**
**Defendant.**

Civ. A. No. 62-62-C.

United States District Court
D. Massachusetts.

March 25, 1964.

Joseph E. Lepie, Boston, Mass., for plaintiff.

Vernon C. Stoneman, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is a civil action brought by the six named plaintiffs, pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 et seq. The case was tried to the Court. Each of the plaintiffs alleges that defendant is engaged in the production of goods for interstate commerce, that he worked for defendant for more than 40 hours per week at various times between January 26, 1960 and February 18, 1961, and that defendant did not pay him time-and-a-half for time in excess of 40 hours which he worked in a particular week.

Defendant concedes the fact that it produces goods for interstate commerce and that all of the plaintiffs were employees of defendant, but says that the employment of each of the plaintiffs during the weeks in issue is exempt from the requirements of the Act because each of the plaintiffs was an executive employee under the terms of the Act (29 U.S.C. § 213).

In order for an employee to be exempt from the provisions of the Act it must appear

(1) that his primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized department or subdivision thereof;

(2) that he customarily and regularly directs the work of two or more other employees therein;

(3) that he has the authority to hire or fire other employees, or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion of or any other change of status of other employees will be given particular weight;

(4) that he customarily and regularly exercises discretionary powers;

(5) that he does not devote more than 20 per cent of his working hours in the work week to activities which are not directly and closely related to the performance of the work described in (1) to (4) above; and

(6) that he is compensated for his services on a salary basis at a rate of not less than $80.00 per week, exclusive of board, lodging or other facilities. (29 C.F.R. 541, as amended.)

The burden of proof on this issue of exemption is on the defendant. Walling v. General Industries Co., 330 U.S. 545, 67 S.Ct. 883, 91 L.Ed. 1088 (1947). I am satisfied that the defendant has sustained its burden of proof as to each of the six plaintiffs. I find as follows:

(1) that the primary duty of each of the plaintiffs was the management of those employees of defendant assigned to his respective department and shift;

(2) that each plaintiff customarily and regularly directed the work of five or more employees on one shift in one or more departments, which departments were a regularly recognized unit of defendant's tannery;

(3) that while none of the plaintiffs had direct authority to hire or fire other employees, all of them were empowered to make suggestions and recommendations as to the hiring or firing and other changes of status of other employees, and that these recommendations by plaintiffs were given particular weight by the Plant Superintendent, one Aldo Regali;

(4) that each of the plaintiffs customarily and regularly exercised discretionary powers in the course of his duties and that each of the plaintiffs, alone among the employees on his shift, was not assigned to a particular manual task or tasks but moved throughout the department adjusting the equipment, checking the work, and directing the employees on that particular shift;

(5) that none of the plaintiffs in any of the work weeks involved herein spent more than 20 per cent of his working hours in the work week on activities which were not directly and closely related to the performance of the supervisory work described in the preceding four paragraphs;

(6) that all of the plaintiffs were compensated on a salary basis of not less than $80.00 per week, their weekly salary in fact ranging from $95.00 to $121.00;

(7) that the collective bargaining agreement in force at defendant's tannery between defendant and Local 21 forbade the performance of non-exempt (bargaining unit) work by supervisors excluded from the bargaining unit and that none of the plaintiffs belonged to the bargaining unit;

(8) that the salary, sick pay, bonus payments at least three times a year, and term of vacation, which plaintiffs received, were made only to supervisory employees considered to be a part of management by themselves, the defendant and Local 21.

On the evidence as a whole I am persuaded that plaintiffs may not recover herein because defendant has shown by a preponderance of the credible evidence that plaintiffs were executive employees under 29 U.S.C. § 213 and the regulations issued thereunder.

In view of the finding that each of the plaintiffs was an exempt employee, I do not reach the question whether the evidence adduced to prove that over-time was worked by plaintiffs is sufficiently definite or credible to meet the plaintiffs' burden of proof herein.

Complaint dismissed, without costs.